# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**NORMAN T. HOLTON,**

    **Plaintiff,**

**v.**                                                              **Case No. 8:22-cv-1219-WFJ-AEP**

**TALBOT**, *et al.*,

    **Defendants.**

_____/

## **O R D E R**

This cause comes before the Court on Plaintiff Holton's civil rights Complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 3).  Having reviewed the Complaint and being otherwise fully advised the Court Orders as follows:

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

Plaintiff's prior cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include: *Holton v. Polk County, Department of Corrections et al.,* 8:07-cv-317-EAK-E_J, *Holton v. Francisco*, 8:04-cv-2800-JDW-MSS*, and Holton v. Francisco, and* 8:04-cv-02801-EAK-MSS.

Because he has had three prior dismissals that qualify under Section 1915(g), he does not allege that he is in imminent danger of serious physical injury,[1] and he has not paid the filing fee, Plaintiff's complaint is due to be dismissed. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, it is **ORDERED** that:

---

[1] The Court notes that Plaintiff complains of past injury but does not allege that he is currently in imminent danger of serious physical injury.

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint, in a new case, with a new case number, upon the payment of the filing fee.
2. The **CLERK** is directed to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on July 21, 2022.

*/s/ William F. Jung*
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE